IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HILLSTONE RESTAURANT GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> HILLSTONE MANAGEMENT, LLC, <br><br> Defendant. | CIVIL ACTION NO. _____ |

## COMPLAINT AND JURY TRIAL DEMAND

Plaintiff Hillstone Restaurant Group, Inc. ("Hillstone") files this complaint against Defendant Hillstone Management, LLC ("Hillstone Management") and in support hereof alleges as follows:

### INTRODUCTION

1.  This is a civil action for trademark infringement, trademark dilution, false designations of origin, and unfair competition arising under the Lanham Act, the Texas Business and Commerce Code, and the common law of the State of Texas. Hillstone seeks injunctive relief, damages, punitive damages and recovery of its reasonable costs and attorneys' fees.

### PARTIES

2.  Hillstone is a Delaware corporation with its principal place of business at 2710 Camelback Road, Suite 200, Phoenix, Arizona 85016.

3.  Hillstone Management is a Texas limited liability company with its principal place of business at 2301 Cedar Springs Road, Suite 200, Dallas, Texas 75201.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 (Lanham Act), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1338 (trademark and unfair competition) because this case arises under the Lanham Act, 15 U.S.C. § 1051, *et seq.*

5. This Court has original jurisdiction over Hillstone's state statutory and common law claims pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). There is complete diversity of citizenship between Hillstone and Hillstone Management, and the matter in controversy between Hillstone and Hillstone Management exceeds the sum of $75,000, exclusive of interest and costs.

6. This Court has supplemental jurisdiction over Hillstone's state statutory and common law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

7. This Court has personal jurisdiction over Hillstone Management because Hillstone Management resides in this judicial district, has committed tortious acts within this judicial district, has transacted business within this judicial district, and has otherwise made or established contacts with this judicial district sufficient to permit the exercise of personal jurisdiction by this Court over it.

8. Venue is proper within this Court pursuant to 28 U.S.C. § 1391(b) because Hillstone Management resides in this district, a substantial part of the events and injury giving rise to Hillstone's claims is occurring within this judicial district, and because Hillstone Management is subject to personal jurisdiction within this judicial district.

## FACTUAL BACKGROUND

### Hillstone and its Famous HILLSTONE Mark

9. Hillstone is a privately-held restaurant management company that owns and operates 49 restaurants in 14 states under fifteen different brands.

10. Among Hillstone's most well-known restaurant brands is HILLSTONE, a chain of ten restaurants located across the country, including in Dallas, Texas.

11. Hillstone has used the distinctive HILLSTONE service mark in interstate commerce since at least as early as 2005 in connection with restaurant services, and Hillstone has operated a restaurant in Dallas under the HILLSTONE mark since 2010. Prior to 2010, Hillstone was already known to consumers in the Dallas area due to its operation of other restaurants there, including restaurants under the HOUSTON'S and CAFÉ R&D (now R+D KITCHEN) marks.

12. In recognition of Hillstone's rights in the HILLSTONE mark, the United States Patent and Trademark Office ("USPTO") issued Hillstone Trademark Reg. No. 3,549,950 for the HILLSTONE mark in 2008 for use in connection with restaurant services.

13. This registration is valid and subsisting in law, was duly and legally issued, is *prima facie* evidence of the validity of the mark registered, and constitutes constructive notice of the ownership of this mark by Hillstone in accordance with Sections 33(a), 7(b) and 22 of the Lanham Act, 15 U.S.C. §§ 1115(a), 1057(b) and 1072.

14. The HILLSTONE registration is incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, and, pursuant to Section 33(b) of the Act, 15 U.S.C. § 1115(b), constitutes conclusive evidence of Hillstone's exclusive right to use the HILLSTONE mark identified in the registration in commerce in the United States.

15. Through substantial marketing, publicity and sales, the HILLSTONE mark is famous in that it is widely recognized in the Dallas-Fort Worth metropolitan area and throughout Texas.

16. The HILLSTONE mark achieved this fame well-prior to the actions of Hillstone Management complained of herein.

### Hillstone Management and its Wrongful Conduct

17. Hillstone Management is a Texas-based real estate management company that, under the service mark HILLSTONE, serves as a property management company for select assets owned by a third party and its affiliates.

18. Hillstone Management is headquartered in Dallas, approximately five miles from the HILLSTONE restaurant in Dallas.

19. Upon information and belief, Hillstone Management manages six apartment complexes in the Dallas-Fort Worth area and elsewhere in Texas that operate under the following service marks, each of which includes the term "Hillstone" as the dominant, distinctive element of the mark: HILLSTONE ON THE PARKWAY, HILLSTONE AT PRUE, HILLSTONE RANCH, HILLSTONE ON CENTER, HILLSTONE TRINITY OAKS, and HILLSTONE ON THE TRAIL.

20. Upon information and belief, Hillstone Management owns each of these marks and licenses them to an affiliate for use in connection with the apartment complexes.

21. Hillstone Management operates a website to promote its services that is located at a domain name that also consists in dominant part of Hillstone's mark: <hillstoneproperties.com>.

22. On August 9, 2015, Hillstone Management filed an application with the USPTO to register the HILLSTONE mark in connection with "[r]eal estate management services; real estate management consultation; real estate services, namely, property management services for apartment buildings; leasing of apartments; management of apartments; real estate services, namely, rental, leasing, and management of commercial property, offices, and office space" (the "Application").

23. In the Application, Hillstone Management claims a date of first use of the HILLSTONE mark of February 24, 2012.

24. Hillstone filed an opposition to the Application with the USPTO's Trademark Trial and Appeal Board that is presently pending.

25. Upon information and belief, Hillstone Management adopted its HILLSTONE mark with actual knowledge of Hillstone's rights in its HILLSTONE mark and with the purpose and intent of trading on those rights.

## COUNT I
### Federal Trademark Infringement

26. Hillstone incorporates by reference the allegations contained in paragraphs 1 - 25 of this Complaint as if fully set forth herein.

27. The HILLSTONE mark serves to identify to the public services that are offered by Hillstone alone, or services that are sponsored by, approved by, authorized by, associated with, or affiliated with Hillstone alone.

28. Hillstone Management is using copies of Hillstone's federally registered HILLSTONE mark in interstate commerce without Hillstone's authorization or consent in connection with the sale and offering for sale of services in a manner that is likely to cause

confusion, mistake, or deception as to whether the services originate from Hillstone, or are sponsored or endorsed by, or associated or affiliated with, Hillstone.

29. Hillstone Management's conduct will enable Hillstone Management to earn profits to which Hillstone Management is not in law, equity or good conscience entitled, and has unjustly enriched Hillstone Management, all to Hillstone Management's profit.

30. Hillstone Management's conduct constitutes service mark infringement in violation of Section 32(1) of the Trademark Act of 1946, 15 U.S.C. § 1114(1).

31. As a direct and proximate result of Hillstone Management's conduct in violation of 15 U.S.C. § 1114(1), Hillstone has suffered actual and irreparable injury for which no adequate remedy exists at law.

32. Hillstone Management's wrongful conduct will continue to cause such injury unless enjoined by this Court.

## COUNT II

### Federal False Designations of Origin & Unfair Competition

33. Hillstone incorporates by reference the allegations contained in paragraphs 1 – 25 of this Complaint, as if fully set forth herein.

34. Hillstone Management is knowingly using imitations of the HILLSTONE mark without authorization or consent from Hillstone in interstate commerce in connection with the sale, offering for sale, distribution, and advertising of services in a manner that is likely to cause confusion, mistake, or deception as to the true source or sponsorship of Hillstone Management's goods and services.

35. Hillstone Management's conduct has enabled Hillstone Management to earn profits to which Hillstone Management is not in law, equity or good conscience entitled, and has

unjustly enriched Hillstone Management, all to Hillstone Management's profit and to Hillstone's damage and detriment.

36. Hillstone Management's conduct constitutes false designations of origin and unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

37. As a direct and proximate result of Hillstone Management's conduct in violation of Section 43(a)(1)(A), Hillstone has suffered actual and irreparable injury for which no adequate remedy exists at law, and Hillstone Management's conduct will continue to cause such injury unless enjoined by this Court.

## COUNT III

### Trademark Dilution - Texas Business & Commerce Code § 16.103

38. Hillstone incorporates by reference the allegations contained in paragraphs 1 - 25 of this Complaint, as if fully set forth herein.

39. Hillstone's HILLSTONE mark is inherently distinctive and, by virtue of its long and continuous use and promotion in Dallas and throughout Texas, has become widely recognized throughout the Dallas area and Texas as a whole and is therefore famous. Hillstone's HILLSTONE mark achieved this fame prior to Hillstone Management's first use of the HILLSTONE mark.

40. Hillstone Management's use of marks and names that consist of or incorporate the HILLSTONE mark constitutes knowing and willful trademark dilution in violation of Texas Business & Commerce Code § 16.103 in that such use is likely to blur the distinctive quality of the HILLSTONE mark.

41. Hillstone Management's conduct, as described above, has caused, and unless enjoined by this Court, will continue to cause irreparable harm, loss, and injury to Hillstone for which Hillstone has no adequate remedy at law.

## COUNT IV

### Texas Common Law Unfair Competition

42. Hillstone incorporates by reference the allegations contained in paragraphs 1 - 25 of this Complaint, as if fully set forth herein.

43. Hillstone Management has willfully and intentionally used marks and names that include the HILLSTONE mark without authorization or consent from Hillstone in commerce in connection with the sale, offering for sale, distribution, and advertising of services in a manner that is likely to cause confusion, mistake, or deception as to the true source or sponsorship of Hillstone Management's services.

44. Hillstone Management's conduct has enabled Hillstone Management to earn profits to which Hillstone Management is not in law, equity or good conscience entitled, and has unjustly enriched Hillstone Management, all to Hillstone Management's profit and to Hillstone's damage and detriment.

45. Hillstone Management's wrongful activity consisting of unauthorized use of the HILLSTONE mark is calculated to deceive consumers and is likely to cause confusion, mistake, and deception as to the association and affiliation of Hillstone Management's services with Hillstone and its HILLSTONE-branded services.

46. Hillstone Management's conduct constitutes unfair competition in violation of the common laws of the State of Texas.

47. As a direct and proximate result of Hillstone Management's conduct, Hillstone has suffered actual and irreparable injury for which no adequate remedy exists at law, and

Hillstone Management's conduct will continue to cause such injury unless enjoined by this Court.

48. Upon information and belief, Hillstone Management's conduct has been with full knowledge of Hillstone's rights and with an intent of trading thereon.

## JURY DEMAND

Hillstone hereby demands trial by jury of all issues raised in this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, by virtue of Hillstone Management's unlawful conduct as alleged in Counts I through IV above, Hillstone respectfully prays that:

1. The Court enter judgment that Hillstone owns valid and enforceable rights in the HILLSTONE mark, and that Hillstone Management, as a direct and proximate result of its unlawful and unauthorized use of the HILLSTONE mark, has:

    (a) infringed Hillstone's rights in its HILLSTONE mark in violation of 15 U.S.C. § 1114(1);

    (b) unfairly competed with Hillstone in violation of 15 U.S.C. § 1125(a)(1)(A);

    (c) diluted Hillstone's HILLSTONE mark by impairing the distinctiveness of that mark in violation of Texas Business & Commerce Code § 16.103; and

    (d) engaged in acts of unfair competition in violation of the common law of the State of Texas; and

2. The Court enter a permanent injunction restraining and enjoining Hillstone Management and each of its agents, servants, employees and all those persons in concert or participation with any of them, from:

 (a) using the HILLSTONE mark, any other name or mark that includes the term "Hillstone," and any other confusingly similar name or mark of any kind or nature, including domain names and trade names, in connection with the promotion, advertisement, or offering of any goods or services in the United States;

 (b) otherwise diluting the distinctiveness of Hillstone's HILLSTONE mark in any manner;

 (c) otherwise unfairly competing with, injuring the business or reputation of, or damaging the goodwill of Hillstone in any manner;

 (d) otherwise falsely representing that they are connected with, sponsored by, or associated with Hillstone; and

 (e) otherwise engaging in deceptive trade practices or unfair competition which in any way injures Hillstone.

3. Pursuant to Section 36 of the Lanham Act, 15 U.S.C. § 1118, Hillstone Management be directed to deliver up to Hillstone for destruction all advertising and promotional materials, signs, business cards and all other materials which bear the infringing HILLSTONE mark in any form, and all plates, molds, matrices and other means of making or duplicating the same;

4. An accounting be had and judgment be rendered against Hillstone Management for the profits, gains and advantages they have derived from its wrongful actions and the damages sustained by Hillstone as a result of Hillstone Management's actions, with such amounts to be trebled as provided by law because of the willful and deliberate nature of Hillstone Management's actions;

5. Hillstone Management be ordered to cease further use of the <hillstoneproperties.com> domain name and transfer the domain to Hillstone.

6. Hillstone Management be required to pay Hillstone actual damages, enhanced damages, and punitive damages in light of the willful, intentional and predatory nature of its actions;

7. Hillstone Management be required to pay Hillstone both the costs of this action and the reasonable attorneys' fees Hillstone has incurred in connection with this action; and

8. Hillstone be granted such other and further relief as the Court deems just and proper.

Respectfully submitted, this 13th day of September, 2016.

/s/ Darren L. McCarty
Darren L. McCarty
Texas Bar No. 24007631
ALSTON & BIRD LLP
2828 North Harwood Street
18th Floor
Dallas, TX 75201
Tel 214-922-3400
Fax 214-922-3899
darren.mccarty@alston.com

OF COUNSEL:
David J. Stewart
Georgia Bar No. 681149
david.stewart@alston.com
Uly S. Gunn
Georgia Bar No. 261871
sam.gunn@alston.com
ALSTON & BIRD LLP
1201 W. Peachtree Street
Atlanta, Georgia 30309
(404) 881-7000 (telephone)
(404) 881-7777 (facsimile)

Counsel for Plaintiff
HILLSTONE RESTAURANT GROUP, INC.