IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HILLSTONE RESTAURANT GROUP, INC., § § § Plaintiff, § § § VS. § § HILLSTONE MANAGEMENT, LLC, § § Defendant. § | Civil Action No. 3:16-CV-2624-D |

MEMORANDUM OPINION
AND ORDER

In this action alleging federal- and state-law claims for trademark infringement, trademark dilution, false designations of origin, and unfair competition, defendant Hillstone Management, LLC ("Management") moves for a stay pending the conclusion of an opposition proceeding pending before the Trademark Trial and Appeal Board ("TTAB") of the United States Patent and Trademark Office ("PTO") (and appeal therefrom). Management also moves for dismissal under Fed. R. Civ. P. 12(b)(6) of plaintiff Hillstone Restaurant Group, Inc.'s ("Restaurant Group's") claim for trademark dilution under Tex. Bus. & Com. Code Ann. § 16.103 (West Supp. 2016). The court denies the motion to stay, grants the motion for partial dismissal, and grants Restaurant Group leave to replead.[1]

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

I

Management filed a trademark application for its HILLSTONE mark with the PTO, which Restaurant Group opposed, thereby initiating a proceeding before the TTAB.[2] While the TTAB proceeding was still pending, Restaurant Group filed the instant lawsuit in this court. Management now seeks a stay of this lawsuit until the TTAB proceeding (including appeal) is final. Restaurant Group opposes the motion. Adhering to TTAB policy, the TTAB has suspended the proceeding before it based on the pendency of this lawsuit.

Having considered Management's grounds for seeking a stay, the court concludes that a stay is not warranted. Management has not established that the potential efficiencies to be gained by awaiting the TTAB's decision are sufficient to warrant a stay. Instead, the court finds that awaiting the outcome of the TTAB proceeding will unnecessarily delay the final adjudication of this lawsuit, the TTAB's decision will address fewer than all issues before this court, and, once issued, the decision can be appealed to the Federal Circuit or challenged in this court under a *de novo* standard via a new lawsuit. The TTAB has in fact followed its policy and suspended the proceeding before it while awaiting the outcome of this lawsuit. Management has not persuaded the court that it should exercise its discretion to stay this litigation, and the motion to stay is therefore denied.

---

[2]Management maintains, for reasons not pertinent to the resolution of the motion to stay, that its HILLSTONE mark, used for real estate services, is not likely to cause confusion with respect to Restaurant Group's HILLSTONE mark, used for restaurant services.

- 2 -

II

Management moves under Rule 12(b)(6) to dismiss Restaurant Group's claim for trademark dilution under Tex. Bus. & Com. Code Ann. § 16.103.

A

In deciding a Rule 12(b)(6) motion, the court evaluates the sufficiency of Restaurant Group's complaint "by accepting all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)) (internal quotation marks and brackets omitted). To survive a motion to dismiss under Rule 12(b)(6), Restaurant Group's must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556); *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)) (brackets omitted). "Threadbare recitals of the elements of a

cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "'labels and conclusions.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

B

Management contends that Restaurant Group's claim for trademark dilution under Tex. Bus. & Com. Code Ann. § 16.103 fails to state a claim because Restaurant Group has not adequately pleaded factual support for the assertion that its mark is famous. Management maintains that Restaurant Group is relying on legal conclusions that are devoid of the factual content necessary to plead a plausible claim.

Restaurant Group's claim is found in count III of its complaint, which consists of the following allegations under the caption "Trademark Dilution - Texas Business & Commerce Code§ 16.103":

> 38. Hillstone incorporates by reference the allegations contained in paragraphs 1 - 25 of this Complaint, as if fully set forth herein.
>
> 39. Hillstone's HILLS TONE mark is inherently distinctive and, by virtue of its long and continuous use and promotion in Dallas and throughout Texas, has become widely recognized throughout the Dallas area and Texas as a whole and is therefore famous. Hillstone's HILLSTONE mark achieved this fame

> prior to Hillstone Management's first use of the HILLSTONE mark.
>
> 40. Hillstone Management's use of marks and names that consist of or incorporate the HILLSTONE mark constitutes knowing and willful trademark dilution in violation of Texas Business & Commerce Code § 16.103 in that such use is likely to blur the distinctive quality of the HILLSTONE mark.
>
> 41. Hillstone Management's conduct, as described above, has caused, and unless enjoined by this Court, will continue to cause irreparable harm, loss, and injury to Hillstone for which Hillstone has no adequate remedy at law.

Compl. ¶¶ 38-41. In addition to ¶¶ 38 to 41, Restaurant Group relies on ¶¶ 11, 12, and 15 to contend that it has pleaded a plausible claim. These paragraphs allege:

> 11. Hillstone has used the distinctive HILLSTONE service mark in interstate commerce since at least as early as 2005 in connection with restaurant services, and Hillstone has operated a restaurant in Dallas under the HILLSTONE mark since 2010. Prior to 2010, Hillstone was already known to consumers in the Dallas area due to its operation of other restaurants there, including restaurants under the HOUSTON'S and CAFÉ R&D (now R+D KITCHEN) marks.
>
> 12. In recognition of Hillstone's rights in the HILLSTONE mark, the United States Patent and Trademark Office ("USPTO") issued Hillstone Trademark Reg. No. 3,549,950 for the HILLSTONE mark in 2008 for use in connection with restaurant services.
>
> 15. Through substantial marketing, publicity and sales, the HILLSTONE mark is famous in that it is widely recognized in the Dallas-Fort Worth metropolitan area and throughout Texas.

Even assuming *arguendo* that Restaurant Group has plausibly pleaded that its HILLSTONE mark is *distinctive* (a premise that Management concedes), under Texas law

- 5 -

the mark must be both *distinctive* and *famous*.[3] The court concludes that these allegations are too conclusory to plausibly plead that Restaurant Group's HILLSTONE mark is famous. Although the complaint attempts to plead the § 16.103(b)(1)-(4) factors, it does so in conclusory terms. Because the court is unable to draw the reasonable inference that Management is liable for the misconduct alleged, Restaurant Group's trademark dilution claim under Tex. Bus. & Com. Code Ann. § 16.103 must be dismissed.

C

Although the court is dismissing Restaurant Group's claim for trademark dilution, it will permit Restaurant Group to replead. *See, e.g., In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (noting that district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing case, unless it is clear that defects are incurable or plaintiffs advise court that they are unwilling or unable to amend in a manner that will avoid dismissal). Because there is no indication that Restaurant Group cannot, or is unwilling to, cure the pleading defects the court has identified, and Restaurant Group has in fact expressly requested leave to amend if the court grants Management's motion, the court grants Restaurant Group 28 days from the date this memorandum opinion and order is filed to file an amended complaint.

---

[3]*See* Tex. Bus. & Com. Code Ann § 16.103(a) (West Supp. 2016) ("[T]he owner of a mark that is famous and distinctive, inherently or through acquired distinctiveness, in this state is entitled to enjoin another person's commercial use of a mark[.]").

* * *

Management's motion to stay is denied, its motion for partial dismissal is granted, and Restaurant Group is granted leave to replead.

**SO ORDERED**.

February 7, 2017.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE